```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

KERRY CURRINGTON                                    CIVIL ACTION

VERSUS                                              NO: 13-5258

N. BURL CAIN, WARDEN                                SECTION: R(4)

## ORDER AND REASONS

Before the Court is Kerry Currington's petition for federal habeas corpus relief under 28 U.S.C. § 2254. The Magistrate Judge recommends that Currington's petition be dismissed without prejudice for failure to exhaust state court remedies.[1] In response, petitioner does not dispute the Magistrate Judge's conclusion that two of the six claims presented in his petition are unexhausted. Instead, petitioner moves the Court to dismiss the unexhausted claims and stay these proceedings to allow petitioner to litigate his unexhausted claims in state court.[2]

A federal habeas petition should typically be dismissed if the petitioner has failed to exhaust all available state remedies. *Piller v. Ford*, 542 U.S. 225, 227 (2004) ("[F]ederal district courts must dismiss 'mixed' habeas corpus petitions--those containing both unexhausted and exhausted claims.") (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The dismissal without prejudice of a "mixed" petition, however, may result in a subsequent petition

---

[1] R. Doc. 15.

[2] R. Docs. 17 and 18.

being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that Section 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings). In light of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claims in state court.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).   Such  stays,  however,  are  available  only  in  limited circumstances.  *Id.*  A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds that (1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay.  *Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277-78).

Here, petitioner concedes that he has failed to exhaust his state court remedies as to two of the six claims raised in his federal habeas petition.  The only explanation petitioner provides for his failure to exhaust is that he is proceeding *pro se*.  A petitioner's *pro se* status, however, does not constitute good cause to excuse a failure to exhaust.  *Thompson v. Tanner*, CIV. A. No. 14-0924, 2014 WL 5325027, at *5 (E.D. La. Oct. 17, 2014) (citing *Bonilla  v.  Hurley*,  370  F.3d  494,  498  (6th  Cir.  2004)). Accordingly,  the  Court  finds  that  petitioner  has  failed  to

demonstrate good cause to excuse his failure to exhaust and, therefore, that a stay and abeyance is unwarranted. *See Byrd v. Thaler*, No. 4:10-cv-021, 2010 WL 2228548, at *4 (N.D. Tex. June 3, 2010) (finding it unnecessary to address remaining *Rhines* factors when petitioner fails to demonstrate good cause).

Nevertheless, the Court recognizes that dismissing the petition without prejudice would effectively preclude federal review of petitioner's exhausted claims, as any subsequent petition would be barred by Section 2244(d)'s one-year limitations period.[3] Under these circumstances, a district court should allow a petitioner to withdraw the unexhausted claims and litigate the exhausted claims properly before the court. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief."). Accordingly, the Court grants petitioner's motion to dismiss the unexhausted claims and refers the amended petition to the Magistrate Judge for a

---

[3] Petitioner filed his federal habeas petition on August 22, 2013. Thus, regardless of the amount of time that passed before petitioner filed his petition, the one-year limitations period for filing a subsequent petition has elapsed. *See Duncan*, 533 U.S. at 181-82 (Section 2244(d)'s one-year limitation period continues to run during the pendency of federal habeas proceedings).

Report and Recommendation on the merits of petitioner's exhausted claims.

    For the foregoing reasons, the Court DENIES petitioner's motion to stay the proceedings. The Court GRANTS petitioner's motion to dismiss the unexhausted claims and refers the amended petition to the Magistrate Judge for a Report and Recommendation on the merits of petitioner's four remaining claims.

    New Orleans, Louisiana, this __15th__ day of December, 2014.

                       _____
                            SARAH S. VANCE
                     UNITED STATES DISTRICT JUDGE