```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


KERRY CURINGTON                              CIVIL ACTION

VERSUS                                       NO: 13-5258

N. BURL CAIN, WARDEN                         SECTION: R(4)
```

## ORDER AND REASONS

Before the Court is Kerry Curington's petition for federal habeas corpus relief under 28 U.S.C. § 2254. The Magistrate Judge recommends that Curington's petition be dismissed with prejudice. The Court, having reviewed de novo the petition, the record, the applicable law, the Magistrate's Report and Recommendation ("R&R"), and the petitioner's objections thereto, hereby approves the R&R and adopts it as its opinion.

In his objections, Curington does not challenge the precedent cited by the Magistrate Judge or raise any arguments disputing the Magistrate Judge's analysis. Instead, he simply reiterates a general objection to each of the Magistrate Judges' conclusions:

> Curington contends that because Magistrate Roby's recommendations on this issue are erroneous, that the same should be remanded with instructions to conduct an evidentiary hearing for the introduction of live testimony and other evidence.[1]

Although a party who timely files written objections to a Magistrate Judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which

---

[1] R. Doc. 23 at 2.

the party specifically objects, *see* 28 U.S.C. § 636(b)(1)(C), "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Curington has not provided the Court with any explanation or argument as to why he believes the Magistrate Judge's recommendations are erroneous. The Court has reviewed Curington's petition, the applicable law, the Magistrate Judge's R&R, and Curington's objections thereto and finds no error in the Magistrate Judge's recommendations. Absent identification of any specific defects in the Magistrate Judge's R&R, the Court finds that the Magistrate Judge adequately addressed each of Curington's claims and finds no reason to reiterate the Magistrate Judge's well-reasoned analysis. *See Julian v. Cain*, Civ. A. No. 99-41, 1999 WL 562733, at *1 (E.D. La. July 30, 1999) ("Petitioner does not grace the Court with any explanation for his assertions or objections. As such, the objections need not be considered by the district court because of their conclusory nature.").

Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (quotation marks removed).

The Court concludes that Curington's petition fails to satisfy this standard. Accordingly, the Court will not issue a certificate of appealability.

For the foregoing reasons, the Court DENIES Curington's petition for habeas corpus and DENIES a certificate of appealability.

New Orleans, Louisiana, this __29th__ day of June, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE